IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 29 2021

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| VICTOR T. HEWLETT, SR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Harris County, Texas - District Attorney's Office, )<br>District Attorney Kim Ogg, Individually and )<br>in her official capacity, Attorney John J. )<br>Wakefield, III, Individually and his official )<br>capacity, Humble, Texas - Humble Police )<br>Department, and Erica C. Cabrales, )<br>)<br>Defendants. ) | No.<br><br>JURY DEMANDED |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for malicious prosecution and a 42 U.S.C. § 1983 claim for violation of the Fourth, Sixth and Fourteenth Amendments.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 28 U.S.C § 1331 and 28 U.S.C § 1367. Venue is proper in this district as the Defendants reside in this District and the cations occurred in this District (Harris County, Texas).

### III. PARTIES

3. Plaintiff Victor T. Hewlett, Sr. ("Mr. Hewitt") is a natural person residing in Yazoo County, Mississippi.

4. The Harris County, Texas – District Attorney's Office is a governmental entity operating at 500 Jefferson Street, Houston, Texas 77002.

5. Kim Ogg is the District Attorney for Harris County, Texas and works at 500 Jefferson Street, Houston, Texas 77002.

6. John J. Wakefield, III worked in the District Attorney's office for Harris County, Texas at 500 Jefferson Street, Houston, Texas 77002.

7. Humble, Texas – Humble Police Department is a governmental entity operating at 310 N. Bender Ave, Humble, Texas 77338.

8. Erica C. Cabrales is a natural person residing in Harris County, Texas.

### IV. FACTS

9. Mr. Hewitt was falsely impression in the Harris County jail from July 24, 2017 through September 21, 2017.

10. Mr. Hewitt's arrest for assault on a family member was based on the false accusations of his ex-girlfriend, Erica C. Cabrales (case 155964801).

11. There was no physical evidence substantiating Ms. Cabrales' allegations.

12. The photos and medical records in Defendants' possession affirmatively establish that Mr. Hewitt did not strangle Ms. Cabrales.

13. On April 9, 2018, John J. Wakefield, III of the Harris County District Attorney's Office approached Mr. Hewitt with several offers for a plea deal.

14. In the first offer, Mr. Wakefield offered, "We would put you on probation for 2 or 4 year and it would not be on your record." Mr. Hewitt refused the deal.

15. Mr. Wakefield then offered 1 year probation and to drop the charge to a misdemeanor which Mr. Hewett refused.

16. Mr. Wakefield then angrily offered, "If you do not take this deal I would file another charge on you and it would be a felony charge this time and I would drag this case for another 2 years until I get tired of you." Mr. Hewitt refused this deal.

17. This case was taken to trial and dismissed by the Court.

18. Just as threatened, the Harris County District Attorney's office, through its attorneys, Ogg and Wakefield, filed new, more severe charges against Mr. Hewitt.

19. A new charge of felony strangulation was filed against Mr. Hewlett (case 158675001010) the day after the first charge was dismissed.

20. Approximately 13 months after the charge was filed, the case was dismissed by Harris County, alleging that "Probable cause exists but cannot prove beyond a reasonable doubt without cooperation of complaining witness."

21. Ms. Cabrales falsely accused Mr. Hewitt and has no intent of coming forward to perjure herself before the Court.

22. Mr. Hewitt lives under continuing threat that Harris County may seek to arrest him again because the case was not dismissed with prejudice.

23. Failure to dismiss the case with prejudice has hampered Mr. Hewitt's ability to return to normal life and to maintain employment.

24. Failure to dismiss the case with prejudice has proximately caused Mr. Hewitt to lose his livelihood as a tractor trailer owner operator.

25. Failure to dismiss the case with prejudice has proximately caused Mr. Hewitt to lose his livelihood as a tractor trailer owner operator.

26. Failure to dismiss the case with prejudice has proximately caused Mr. Hewitt to become homeless for more than 3 years.

27. Failure to dismiss the case with prejudice has proximately caused Mr. Hewitt to lose contact with his two daughters by Defendant Erica Cabrales.

28. Failure to dismiss the case with prejudice has proximately caused Mr. Hewitt to suffer emotional distress which required medical treatment.

V. FIRST CLAIM FOR RELIEF – MALICIOUS PROSECUTION

29. Mr. Hewitt re-alleges and reincorporates all previous paragraphs as if fully set out herein.

30. Two criminal actions were commenced against Mr. Hewitt by Defendants.

31. The prosecution was caused by the Defendants or with their aid.

32. Both criminal actions were terminated in Mr. Hewitt's favor.

33. Defendants acted without probable cause as evidenced by lack of physical evidence and Ms. Cabrales refusal to testify under oath before a court.

34. Defendants acted with malice, the District Attorneys by attempting to draw the case out and increase the charges, and Ms. Cabrales by making false charges, among other actions.

35. The criminal proceedings have damaged Mr. Hewitt mentally, emotionally and financially.

VI. SECOND CLAIM FOR RELIEF – FOURTH AMENDMENT

36. Mr. Hewitt re-alleges and reincorporates all previous paragraphs as if fully set out herein.

37. Defendants arrested and incarcerated Mr. Hewitt without probable cause.

38. Defendants' belief in Mr. Hewitt's guilt was unreasonable based on the testimonial and physical evidence available to Defendants before Mr. Hewitt's arrest.

39. Defendants' arrest of Mr. Hewitt violated the Fourth Amendment's protection against unreasonable search and seizure.

### VII. THIRD CLAIM FOR RELIEF – SIXTH AMENDMENT

40. Mr. Hewitt re-alleges and reincorporates all previous paragraphs as if fully set out herein.

41. Defendants have denied Mr. Hewitt the right to a speedy and public trial and the opportunity to confront the witness against him by compelling the witnesses appearance at trial.

42. Defendants have left open the possibility of refiling the case against Mr. Hewitt which prevents him from moving on with his life.

43. Defendants have stated that they intend to drag out the proceeding against Mr. Hewitt.

44. Defendants' failure to dismiss the charges with prejudice violated the Sixth Amendment's right to a speedy trial.

### VIII. FOURTH CLAIM FOR RELIEF – FOURTEENTH AMENDMENT

45. Mr. Hewitt re-alleges and reincorporates all previous paragraphs as if fully set out herein.

41. Defendants have denied Mr. Hewitt the right to due process in the adjudication of the charges against him.

42. Upon information and belief, Defendants' basis for the charges against Mr. Hewitt is the statement of Ms. Cabrales which could not be corroborated without cooperation.

43. The other evidence obtained by Defendants impugn Ms. Cabrales veracity.

44. Defendants' continued reliance on Ms. Cabrales' statement when it was clear that she would not cooperate violated Mr. Hewitt's Fourteenth Amendment's due process rights.

## IX. FIFTH CLAIM FOR RELIEF – 42 U.S.C. § 1983

45. Mr. Hewitt re-alleges and reincorporates all previous paragraphs as if fully set out herein.

41. Mr. Hewitt requests a remedy under Section 1983 for deprivation of his rights under the Fourth, Sixth and Fourteenth Amendments to the U.S. Constitution.

42. As a result of the above violations, Defendants are liable to Mr. Hewitt for damages and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Hewitt respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendants for:

A. Agreement to dismiss all charges with prejudice;

B. Compensatory damages of $10,000,000;

C. Punitive damages to be determined at trial;

D. Costs and fees;

For such other and further relief as the Court may deem just and proper.

Respectfully,

_____
Victor T. Hewitt, Sr.

214 Linda Blvd.
Yazoo City, MS 39194

832-483-0115