United States District Court
Southern District of Texas
**ENTERED**
January 03, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR HEWLETT, SR., a/k/a VICTOR HEWITT, SR., | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 21-1020 |
| HARRIS COUNTY TEXAS DISTRICT ATTORNEY'S OFFICE, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Victor Hewlett, Sr., a/k/a Victor Hewitt, Sr., brings civil-rights claims pertaining to his 2017 detention and prosecution in Harris County. The City of Humble has moved to dismiss all claims against it (Dkt. 10). Plaintiff has filed a response (Dkt. 12) and the motion is ripe for decision. Having considered the pleadings, the parties' briefing, the applicable law, and all matters of record, the Court concludes that the City of Humble's motion to dismiss should be **granted**. Because no other Defendant has appeared in this action and Plaintiff has filed no proof of service, the Court orders Plaintiff to show cause within 30 days why Plaintiff's remaining claims should not be dismissed under Federal Rule of Civil Procedure 4(m). The Court's reasons are explained below.

### I.    BACKGROUND

Plaintiff filed this suit against five Defendants: the Harris County District Attorney's Office; Harris County District Attorney Kim Ogg in her official and

1 / 10

individual capacities; attorney John J. Wakefield, III, in his official and individual capacities; the City of Humble Police Department; and Erica C. Cabrales. He alleges that he was wrongly detained in the Harris County Jail from July 24 through September 21, 2017, following his arrest for assault on a family member. He claims that the arrest was based on false accusations made by Defendant Cabrales, his former girlfriend, that no physical evidence supported Cabrales' allegations, and that medical records and photographs affirmatively establish that he did not strangle Cabrales (Dkt. 1, at 2).

Plaintiff alleges that Defendant Wakefield, an assistant district attorney for Harris County, approached him on April 9, 2018, with three offers for a plea deal in the criminal case related to his arrest. He claims that he refused all three offers but that, when making the third offer, Wakefield "angrily" told him that, if Plaintiff didn't accept the deal, he would file a felony charge against Plaintiff. Plaintiff states that the case against him was dismissed and that Wakefield and District Attorney Ogg then filed felony strangulation charges against him. He further states that this second case was dismissed by prosecutors approximately 13 months later because they could not prove their case beyond a reasonable doubt without the cooperation of the complaining witness, Cabrales. He claims that Harris County's failure to dismiss the charges against him with prejudice have caused him continuing damage because he lives under the threat of another arrest (*id*. at 2-4).

Plaintiff brings multiple claims for relief under 42 U.S.C. § 1983. First, he claims that Defendants maliciously prosecuted him in both criminal actions against him, that officials with the Harris County District Attorney's office attempted to draw out the case

against him and to increase the charges, and that Cabrales made false charges against him. Second, he claims that Defendants violated his Fourth Amendment rights when they arrested and incarcerated him without probable cause and in spite of the physical evidence. Third, he claims that Defendants violated his Sixth Amendment rights when they denied him a speedy trial, the opportunity to confront witnesses against him, and left open the possibility of refiling his case. Fourth, he claims that Defendants violated his Fourteenth Amendment right to due process of law because they improperly based the charges against him on Cabrales' statements. He seeks $10 million in compensatory damages, among other relief (*id.* at 4-6).

Plaintiff has not filed proof that process was served on any Defendant. However, the City of Humble appeared in this lawsuit filed a request for a pre-motion conference, in accordance with the Court's procedures. On May 6, 2021, the Court held a conference and set a deadline of May 20, 2021, for Plaintiff to file an amended complaint. Although Plaintiff did not file an amended pleading with the Court, counsel for the City of Humble represents that they received from Plaintiff, by certified mail, a document that apparently was intended to be an amended pleading.

On May 24, 2021, the City of Humble filed a motion to dismiss all claims against it (Dkt. 10). The City attached a copy of the documents it received from Plaintiff, which include documents relevant to his criminal proceedings (Dkt. 10-1).

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). The court's review is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their

authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))).

### B. *Pro se* Pleadings

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). A pleading filed by a *pro se* litigant must be "liberally construed," even if "inartfully pleaded," and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *accord Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 601 & n.36 (5th Cir. 2017) (declining to strictly construe *pro se* litigant's pleadings in context of motion to dismiss). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

## III. ANALYSIS

### A. Motion to Dismiss

The City of Humble argues that all claims against it should be dismissed because the claims are time-barred; because Plaintiff does not sufficiently plead a claim against the city; and on the grounds of governmental immunity.[1]

---

[1] Although Plaintiff names "Humble, Texas–Humble Police Department" as a Defendant, the proper defendant is the City of Humble. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991).

Civil-rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); TEX. CIV. PRAC. & REM. CODE § 16.003(a). The two-year limitations period "begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). For malicious prosecution claims, a one-year limitations period applies. TEX. CIV. PRAC. & REM. CODE § 16.002(a).

Plaintiff claims in his response, and in documents he mailed to the City of Humble, that officers with the Humble Police Department violated his constitutional rights when they arrested him without a warrant on July 24, 2017, (Dkt. 12, at 2; *see* Dkt. 10-1, at 1). He appears to allege both false arrest and malicious prosecution. The Fifth Circuit has explained that the key difference between these two claims is whether legal process has been initiated:

> The Supreme Court drew a clear distinction between "false arrest," which consists of detention without legal process, and "unlawful detention," which forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process.

*Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 391 (5th Cir. 2020)) (cleaned up) (emphasis original); *see Wallace v. Kato*, 549 U.S. 834, 389-90 (2007). The limitations period for a false arrest claim begins to run at the time when legal process is initiated, which puts an end to the false imprisonment. *Bradley*, 958 F.3d at 391;

*Winfrey*, 901 F.3d at 492. By contrast, the limitations period for a malicious prosecution claim does not accrue until the prosecution ends in the plaintiff's favor. *Id*.

Because Plaintiff claims that he was arrested without a warrant, thus before legal process was initiated, his claim against Humble is properly categorized as a claim of false arrest. *See Bradley*, 958 F.3d at 391 (5th Cir. 2020). The false imprisonment ended, and the limitations period began to run, when legal proceedings against Plaintiff were initiated. *See Bradley*, 948 F.3d at 391. The record does not reflect the date that legal proceedings against Plaintiff began. However, given that the first criminal case against Plaintiff was dismissed on April 9, 2018,[2] the proceedings necessarily were initiated before that date. Because April 9, 2018, is more than two years before Plaintiff filed this suit on March 29, 2021, his false-arrest claim is time-barred under § 16.003(a).

Plaintiff contends that his cause of action accrued on September 13, 2019, when the second criminal case against him was dismissed, and therefore that his two-year limitations period expired on September 13, 2021 (Dkt. 12, at 2). To the extent he pursues a false arrest claim, his position is foreclosed by the authority cited above.[3] For a

---

[2] *See* Dkt. 10-1, at 15. Because the document is referenced in Plaintiff's complaint and no party challenges its authenticity, the Court may rely on the document. *See Walch*, 533 F.3d at 294. In addition, the Court takes judicial notice of Harris County's publicly available online records for Case No. 1559648, which reflect a dismissal date of April 9, 2018. *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Dec. 22, 2021); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[3] *See Bradley*, 958 F.3d at 392 ("In *Wallace*, the Supreme Court rejected the argument that . . . accrual could not occur until there was a favorable termination of criminal charges"). The *Wallace* Court "concluded that the proper course is for the plaintiff to file suit in federal district court before a favorable termination, and that the district court could stay the proceedings if

malicious prosecution claim, the limitations period does not begin to run until the prosecution ends in the plaintiff's favor. *Winfrey*, 901 F.3d at 492. However, Plaintiff has not adequately alleged a malicious prosecution claim because he alleges that Humble Police Department officers arrested him without a warrant, and thus before legal process was initiated. *See id*. In any event, because the limitations period for a malicious prosecution claim is one year, TEX. CIV. PRAC. & REM. CODE § 16.002(a), Plaintiff's claim would be time-barred even based on an accrual date of September 13, 2019.

The City of Humble's motion is granted based on the statute of limitations.

In addition, Plaintiff has failed to plead the elements of municipal liability against the City of Humble. In particular, Plaintiff has not alleged (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *See Hutcheson v. Dallas Cty., Texas*, 994 F.3d 477, 482 (5th Cir. 2021). The City's motion is granted on this additional ground.

### B. Service of Process

No Defendant other than the City of Humble has appeared in this action, and Plaintiff has not filed proof of service for any Defendant. Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

---

necessary until the criminal case or the likelihood of a criminal case is ended. *Id*. at 392-93 (citing, *inter alia*, *Wallace*, 549 U.S. at 393-94).

dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).  Rule 4(*l*) requires proof of service to be made to the court, unless service is waived.  FED. R. CIV. P. 4(*l*).

More than 90 days have passed since Plaintiff filed this lawsuit on March 29, 2021.  The Court therefore orders Plaintiff to show cause **within 30 days** of the date of this order why his remaining claims should not be dismissed without prejudice under Rule 4(m).  Plaintiff's response must include proper proof of service of the summons and complaint on all remaining Defendants listed in the complaint.  If Plaintiff fails to respond within 30 days, or files a response that does not demonstrate good cause for his failure to timely serve the defendants, the Court will dismiss his remaining claims.  *See* FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b).

### C. Discovery Motion

Plaintiff filed a motion for discovery of materials including a search warrant, body camera footage from the Humble Police Department, and evidence supporting his arrest (Dkt. 15).  Because all claims against the City of Humble have been dismissed, the motion will be denied as moot regarding the City of Humble. As to all other Defendants, because no Defendant has appeared, the motion is denied without prejudice to reurging by Plaintiff, if appropriate, after service of process is executed.

## IV. CONCLUSION

For the reasons stated above, the Court now **ORDERS** as follows:

1. The motion to dismiss (Dkt. 10) filed by the City of Humble is **GRANTED**.  All claims against the City of Humble are **DISMISSED with prejudice**.

2. Plaintiff's motion for discovery (Dkt. 15) is **DENIED as moot** as to the City of Humble and otherwise **DENIED without prejudice**.

3. Plaintiff is ordered to **SHOW CAUSE** within **30 days** of the date of this order why his remaining claims should not be dismissed under Federal Rule of Civil Procedure 4(m).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 3rd day of January, 2022.

                                                         _____
                                                         GEORGE C. HANKS, JR.
                                                         UNITED STATES DISTRICT JUDGE